IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES LESTER FORSIDE                                                                                              PETITIONER

V.                                                                                            NO. 4:16-CV-224-DMB-JMV

STATE OF MISSISSIPPI, et al.                                                                                  RESPONDENTS

**MEMORANDUM OPINION**

This pro se prisoner case is before the Court on the motion to dismiss filed by the State of Mississippi, Marshall Fisher, and Christy Gutherz. Doc. #12.

**I
Procedural History**

On or about November 8, 2016, James Lester Forside filed in the United States District Court for the Northern District of Mississippi a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the amount of "trusty" time he was credited while at the Mississippi State Penitentiary ("MSP"). Doc. #1. On August 9, 2017, the State of Mississippi, Marshall Fisher, and Christy Gutherz (collectively, "Respondents") moved to dismiss the petition for failure to state a claim or, alternatively, failure to exhaust administrative remedies. Doc. #12. On or about August 14, 2017, Forside responded.[1] Doc. #13. Respondents did not reply.

**II
Background**

Forside has filed numerous motions in several different courts, all of which relate to his April 28, 2015, guilty plea in the Circuit Court of Oktibbeha County, Mississippi, for burglary of a building in violation of Miss. Code Ann. § 97-17-33. Doc. #12-4 at 6–8; *see, e.g.*, Docs. #12-9,

---
[1] Forside's response is titled, "Motion to Amendment." Doc. #13. As discussed below, Forside asserts in the response that his November 8, 2016, filing in this case was incorrectly construed as a petition for a writ of habeas corpus, and was intended to be a request to amend a petition for a writ of habeas corpus in a separate, previously-filed case.

#12-10, #12-12, #12-16. Following his guilty plea, Forside was sentenced as a habitual offender and ordered to serve a term of seven years in the Mississippi Department of Corrections ("MDOC"). *Id*. at 7.

Of relevance here, on or about November 7, 2016, Forside filed a petition for a writ of habeas corpus in the Northern District of Mississippi challenging his April 28, 2015, conviction and sentence as a habitual offender. *See Forside v. Mississippi*, No. 1:16-cv-202 (N.D. Miss.) ("*Forside I*"), at Doc. #1. On June 7, 2017, United States District Judge Sharion Aycock dismissed the petition without prejudice for failure to exhaust state remedies. *Id*. at Doc. #20. As part of the failure to exhaust analysis, Judge Aycock considered that (1) Forside first filed a motion for post-conviction collateral relief ("PCR") in the Oktibbeha County Circuit Court, which was dismissed on August 7, 2015;[2] (2) rather than appealing the dismissal to the Mississippi Supreme Court, Forside filed a successive PCR motion in the Oktibbeha County Circuit Court, which was dismissed on the merits on November 9, 2015;[3] and (3) rather than appealing the dismissal of his second PCR motion to the Mississippi Supreme Court, Forside filed two more PCR motions in the Oktibbeha County Circuit Court.[4] *Id.* at Doc. #21.

In addition to seeking relief in this Court, Forside has pursued three actions in the Mississippi Supreme Court. First, in No. 2015-M-01664, he filed a petition for writ of mandamus seeking an order requiring the trial court to rule on his motion to withdraw his guilty plea. The Mississippi Supreme Court denied the petition as premature.[5]

---

[2] *Forside I*, at Doc. #17-2.

[3] *Forside I*, at Doc. #17-3.

[4] *Forside I*, at Doc. #17-4. The record here does not indicate the outcomes of these two PCR motions.

[5] The Court takes judicial notice of the record of Forside's state court proceedings. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) (in habeas action, court may take judicial notice of "prior habeas proceedings brought … in

Second, in No. 2017-M-974, Forside filed an application for post-conviction collateral relief, which the Mississippi Supreme Court dismissed without prejudice because it should have been filed with the trial court.

Third, in No. 2017-TS-01155, Forside filed a notice of appeal using the standard state court form, listing his April 28, 2015, conviction and sentence as that from which he was appealing. Forside attached to the notice of appeal (1) a July 25, 2017, trial court order denying his motion for parole eligibility, and (2) an August 7, 2015, trial court order denying his motion for state post-conviction collateral relief, in which he argued ineffective assistance of counsel and that there was insufficient evidence to sustain his conviction.[6] Because Forside listed the date of his original conviction on the notice of appeal form, the Mississippi Supreme Court treated it as a direct appeal of that conviction and dismissed the appeal for want of an appealable judgment because, under Mississippi law, there is no direct appeal from a guilty plea.[7] Based on this ruling, the Mississippi Supreme Court did not address the issues of parole eligibility, ineffective assistance of counsel, or sufficiency of the evidence. None of the issues discussed in the two trial court orders attached to the notice of appeal involved the issue of "trusty" earned time raised in the instant petition.

### III
### Analysis

Forside's November 8, 2016, filing is in all respects a petition for a writ of habeas corpus. In it, Forside states:

---

connection with the same conviction … includ[ing] state petitions").

[6] Because Forside pleaded guilty to the burglary charge, the case never went to trial and the State did not introduce any evidence.

[7] In Mississippi, a defendant who pleads guilty may not pursue a direct appeal of that conviction. Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").

> Petitioner James Forside who is file [sic] his habeas corpus relief pursuant to 28 U.S.C. § 2254, and motions 2, 4 for leave to proceed in forma pauperis.
>
> Petitioner Forside is an inmate at Bolivar County Corrections F., BCCF. He is challenging the effective date of his trusty status ….

Doc. #1 at 1. In this filing, Forside addresses only one claim—that he was not awarded the proper amount of "trusty" earned time. Nowhere in the document does he mention or challenge the validity of his underlying convictions.

Given Forside's unambiguous challenge to his "trusty" earned time, the State moved to dismiss the petition for failure to state a constitutional claim and for failure to exhaust state remedies. However, in response to the motion to dismiss, Forside filed a motion to amend, arguing that he intended the initial document filed in this case to be an amendment to the habeas corpus petition in *Forside I*. Specifically, Forside states:

> [He] … file[d] an amendment to the United State District Court … to the wrong case No. Civil Action No 4:16cv224-DMB-JMV.
>
> Forside … never wanted to file a writ of habeas corpus solely to the MDOC's award of his trusty earned time. He did initially raise[] this issue on a[n] Administrative Remedy Program. Now Forside want[s] it to be clear that he is challenging the underlying convictions and sentences on case No 1:16CV202-SA-RP. In Circuit Court of Oktibbeha County Mississippi ….
>
> Forside made a mistake an[d] file[d] the wrong case to the right court. He is not fileing a petition to federal habeas about trusty earned time.

Doc. #13 at 2, 4. Whether analyzed as an original petition or an amendment to his petition in *Forside I*, the petition must be denied.

### A. Improvident Filing

To the extent Forside intended the petition in this case to be an amendment to his petition

4

in *Forside I*, the instant petition may be dismissed, without prejudice, as improvidently filed.[8]

### B. Exhaustion

Regardless, the instant petition must be dismissed because it is clear Forside has not exhausted the state remedies available to him as to his claim regarding the miscalculation of his "trusty" time. "Under 28 U.S.C. § 2254(b)(1), federal habeas petitioners must fully exhaust remedies available in state court before proceeding in federal court. To satisfy this requirement, a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Ward v. Stephens*, 777 F.3d 250, 257–58 (5th Cir. 2015) (quotation marks omitted).

Forside has not yet presented his challenge to the calculation of his sentence to the Mississippi Supreme Court, and it appears he still has the remedy of PCR in state court. As such, the instant petition for a writ of habeas corpus is properly dismissed without prejudice for failure to exhaust state remedies.

### C. Amendment to Instant Petition

Finally, to the extent Forside, in his response to the motion to dismiss, seeks to amend the instant petition to challenge the underlying convictions and sentences, such amendment will be denied.

While federal habeas proceedings are governed by a discrete set of rules, petitions for habeas relief "may be amended … as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Accordingly, a motion to amend a petition is governed by Federal Rule of Procedure 15. *Ramos v. Stephens*, No. 7:07-cv-59, 2014 WL 12675241, at *3 (E.D. Tex. July 18, 2014). Pursuant to the Local Rules of this Court, "[i]f leave of court is required under [Rule] 15,

---

[8] The Clerk of the Court is directed to file the original filing in this case, Doc. #1, in No. 1:16-cv-202.

a proposed amended pleading must be an exhibit to a motion for leave to file the pleading …." L.U. Civ. R. 7(b)(2). Forside has not filed a proposed amended pleading. Accordingly, his request to amend is properly denied.

### D. Certificate of Appealability

"Under the Antiterrorism and Effective Death Penalty Act, a certificate of appealability (COA) must issue before a habeas petitioner can appeal the district court's refusal to grant the writ." *Prystash v. Davis*, 854 F.3d 830, 835 (5th Cir. 2017) (citing 28 U.S.C. § 2253(c)(1)(A)). To be entitled to a COA, a petitioner "must make a substantial showing of the denial of a constitutional right, … and must show that the accuracy of the district court's conclusions is subject to debate among jurists of reason." *Cardenas v. Stephens*, 802 F.3d 197, 201 (5th Cir. 2016). For the reasons above, the Court finds that its conclusions would not be subject to debate among jurists of reason and that, therefore, a certificate of appealability must be denied.

## IV
## Conclusion

For the reasons above, Respondents' motion to dismiss [12] is **GRANTED** and Forside's petition in this case is **DISMISSED without prejudice**. A certificate of appealability is denied. A final judgment consistent with this opinion will issue.

**SO ORDERED**, this 26th day of March, 2018.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**